**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOSE ALBERTO VALERIANO,

               *Petitioner,*

v.

ALBERTO R. GONZALES, Attorney
General,

               *Respondent.*

No. 03-72277

Agency No.
A74-814-995

JOSE ALBERTO VALERIANO,

               *Petitioner,*

v.

ALBERTO R. GONZALES, Attorney
General,

               *Respondent.*

No. 03-74754

Agency No.
A74-814-995

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
October 20, 2005—Pasadena, California

Filed January 23, 2007

Before: Andrew J. Kleinfeld and Raymond C. Fisher,
Circuit Judges, and Milton I. Shadur,* Senior District Judge.

Opinion by Judge Kleinfeld

*The Honorable Milton I. Shadur, Senior United States District Judge
for the Northern District of Illinois, sitting by designation.

## COUNSEL

Victor D. Nieblas, Law Office of Victor D. Nieblas Pradis, Los Angeles, California, for the petitioner.

Cindy S. Ferrier (argued), Shelley R. Goad (briefed), Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for the respondent.

## OPINION

KLEINFELD, Circuit Judge:

We decide that an alien who delays filing a motion to reopen under 8 C.F.R. § 1003.2(c)(1) while awaiting the government's response to his counsel's request to join the motion to reopen under 8 C.F.R. § 1003.2(c)(3)(iii) until the deadline is past is not entitled to equitable tolling.

### Facts

Valeriano is a 34-year-old native and citizen of Mexico with three United States citizen children. He entered the United States on June 25, 1988, and has resided here continuously since that time. Nine years after Valeriano got here, in February 1997, the INS served an Order to Show Cause why he was not deportable. An Immigration Judge found him deportable as charged and granted him voluntary departure in 1999. Valeriano appealed, but his appeal was filed six days late, so the BIA deemed it untimely.

That is where our case begins. Valeriano filed a motion to reconsider, accompanied by a declaration from a person who states that she is a paralegal at Valeriano's lawyer's office. She says that she sent Valeriano's notice of appeal by FedEx December 13, and that it was delivered December 14, which would be timely. But as proof she attached documents that prove the opposite of what she said. She submitted a letter from FedEx saying that on December 14 it had indeed delivered a package she had shipped, but that the package had been sent December 11, not December 13. This package could not

have been Valeriano's notice of appeal, because he did not sign the notice of appeal until December 13, two days *after* that FedEx package was sent. Also, Valeriano's notice of appeal came to the BIA in a postmarked envelope, not a FedEx package, and the envelope is in the record. The postmarks on the envelope showed that it had been mailed, and could not have arrived in Washington by December 16 when it was due.[1] The BIA, taking note of these discrepancies, denied the motion to reconsider.

The date of the denial of Valeriano's motion for reconsideration was May 22, 2000. Unfortunately the denial of the motion to reconsider did not get to Valeriano. He had filled out a BIA change of address form, but his lawyer had not mailed it to the BIA, so the decision the BIA mailed to Valeriano (his lawyer had prepared his papers as pro se filings) came back to the BIA a few weeks later marked "return to sender" by the post office. Valeriano did not know his case was over until he sought to renew his work permit. He then complained to his lawyer, who "reimbursed [him] $600 of the money that [he] had paid her for the appeal."

Valeriano retained new counsel in August 2001 after discovering that he could not get his work permit renewed. His new lawyer promptly followed the *Lozada*[2] procedure to give Valeriano's previous lawyer a chance to explain what had happened and to notify the state bar of the alleged misconduct. Previous counsel responded to new counsel's inquiry in September. New counsel promptly filed a complaint with the state bar.

---

[1]Administrative Record at 155. There are two postmarks on the envelope. One says December 17, Los Angeles. The other says December 13 or 18 (the postal meter is not entirely legible), Los Angeles.

[2]*Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988) ("[B]efore allegations of ineffective assistance of former counsel are presented to the Board, former counsel must be informed of the allegations and allowed the opportunity to respond.").

In November of 2001, Valeriano's new lawyer wrote to the Office of District Counsel at the INS, requesting that District Counsel join in a motion to reopen pursuant to *Lozada*, and arguing that Valeriano had a good case for suspension of deportation. Valeriano's lawyer mailed the letter with the joint motion to reopen that he proposed to file if the District Counsel agreed to join attached. It is the same motion he eventually did file, except that the word "joint" has been crossed out and District Counsel has not signed it. He enclosed the evidence he proposed to submit so that district counsel could evaluate it.

Thus, the motion to reopen was ready to file in November of 2001. But counsel did not file it, hoping that the District Counsel would agree to it and greatly increase the likelihood of success. The District Counsel did not agree, but that is not the immediate problem. The problem that controls this case is that counsel for petitioner did not file his motion for eight months.[3] He was waiting for a response to his letter and telephone calls, and did not get one until the following April, five months later. That is when District Counsel turned down his request to join in the motion to reopen.

Immediately after receiving District Counsel's letter declining to join, in April 2002, counsel filed the motion to reopen with the BIA pursuant to *Lozada*.[4] The motion was the same one he had sent to District Counsel the previous November, with the word "joint" crossed out before "motion." The BIA denied it. The BIA reasoned that although the ninety day deadline for motions to reopen could be equitably tolled until the client learned of his previous attorney's fraud, equitable tolling required due diligence, which was absent. Because Valeriano's lawyer did not file the motion for eight months

---

[3]Part of the eight months was necessarily consumed by the *Lozada* procedure. Valeriano argues, and we assume without deciding, that the ninety day period under 8 C.F.R. § 1003.2(c)(2) runs from retaining new counsel.

[4]*Lozada*, 19 I. & N. Dec. at 638-40.

after Valeriano learned of his previous lawyer's alleged fraud, equitable tolling was denied.

Valeriano's lawyer filed a motion to reconsider, arguing that the reason for the five month delay was that he was waiting for District Counsel to act. In addition to the letter in November, he made "many calls," and filed the motion as soon as District Counsel advised him that it declined to join. He also filed additional evidence to show hardship to Valeriano's U.S. citizen son if Valeriano was deported. The BIA denied the motion to reconsider because it presented no error of fact or law.

Valeriano, represented on appeal by a new lawyer, petitions for review of both the denial of the motion to reopen and the denial of the motion to reconsider.

## Analysis

Motions to reopen are "discretionary" and "disfavored."[5] We review the BIA's denial of motions to reopen and reconsider for abuse of discretion.[6] We reverse the denial of a motion to reopen only if it is "arbitrary, irrational, or contrary to law."[7] Jurisdiction arises under former INA § 106(a)(1), 8 U.S.C. § 1105a(a)(1), as amended by IIRIRA § 309. Although INA § 106 has been repealed by IIRIRA and replaced with a new judicial review provision, that repeal was not effective until April 1, 1997.[8]

[1] The regulation limits petitioners to one motion for rehearing, but this numerical limit is excused "where a peti-

---

[5]*INS v. Doherty*, 502 U.S. 314, 323 (1992); *Castillo-Villagra v. INS*, 972 F.2d 1017, 1023 (9th Cir. 1992).

[6]*Doherty*, 502 U.S. at 323; *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002).

[7]*Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002).

[8]*See* IIRIRA §§ 306(c)(1), 309(a) and (c).

tioner has been defrauded by an individual purporting to provide legal representation."**9** The BIA assumed for purposes of decision (without so finding) that Valeriano was "defrauded" by the lawyer who filed his appeal late. They treated the case as though he had discovered his previous lawyer's "fraud" on the latest date the record could support, in August 2001, when he signed a declaration describing what his previous lawyer had done wrong and retained new counsel. Thus, the BIA did not count against him either the numerical limitation, to a single motion to reopen, or the time limitation, to ninety days from when the BIA rejected his appeal. The BIA decided against him because of the eight months between when he retained new counsel and signed his declaration setting out the ineffective assistance, and when he filed his motion to reopen.

Thus, the question in this case is whether equitable tolling is available for that eight months, from August 2001 to April 2002. A month or so of that time was necessarily consumed by *Lozada* compliance. Even if we assume (we need not decide) that Valeriano had ninety days to file the motion once he retained new counsel and knew of previous counsel's "fraud,"**10** then he needs five months of equitable tolling.

**[2]** We have held that the ninety day deadline for motions to reopen is subject to equitable tolling.**11** No affirmative misconduct is required for equitable tolling (as opposed to equitable estoppel) to apply.**12** In our en banc decision in *Socop-Gonzalez*, we held that when the lady at the INS "information booth" gave the petitioner the wrong advice twice, and he followed it to his detriment, there was no equitable estoppel because "affirmative misconduct" requires a deliberate lie or

---

**9***Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1224 (9th Cir. 2002); *see also Lopez v. INS*, 184 F.3d 1097, 1100 (9th Cir. 1999).

**10***Rodriguez-Lariz*, 282 F.3d at 1224.

**11***Socop-Gonzalez v. INS*, 272 F.3d 1176, 1181 (9th Cir. 2001)(en banc).

**12***Id.* at 1184-85.

a pattern of false promises, not merely negligently providing misinformation.[13] For equitable tolling to apply, it is necessary that "despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim."[14] The party's ignorance of the necessary information must have been "caused by circumstances beyond the party's control."[15] It is not necessary that wrongful conduct by a third party caused the inability to discover the information, but merely that the information was unavailable for reasons beyond the party's control.[16]

[3] Valeriano claims that the unobtainable, vital "information" was whether the District Counsel would agree to his motion to reopen. The District Counsel did not mislead him, like the person at the INS "information booth" in *Socop-Gonzalez*. It just did not respond to his request. He has not found a case where, on any similar facts, equitable tolling has been applied, nor has the INS found a case where on similar facts it was denied.

[4] The problem with Valeriano's argument is that he did not need this information to file his motion to reopen. Equitable tolling is available only where an alien is diligent. We recognize that Valeriano's counsel appears to have diligently pursued the District Counsel's agreement to join the motion to reopen, and we assume for purposes of decision that with agreement, success on the motion to reopen was highly probable, without it, highly improbable. However, diligence in attempting to obtain nonvital information or acquiescence is not "diligence" within the meaning of our equitable tolling jurisprudence. A contrary rule would expand "information" to embrace responses to proposed stipulations of opposing counsel, an unsound position. It would also require the District

---

[13]*Id.*

[14]*Id.* at 1193 (internal citations omitted).

[15]*Id.*; *see also Jobe v. INS*, 238 F.3d 96, 100 (1st Cir. 2001).

[16]*Socop-Gonzalez v. INS*, 272 F.3d 1176, 1193 (9th Cir. 2001)(en banc).

Counsel to answer its mail and call people back. That is desirable. But were we to make a rule that times do not run while the District Counsel is not responding, the immigration and deportation process would be even more clogged than it is, or the District Counsel would simply instruct its secretaries to generate "just say no" form letters and telephone responses immediately. Had the District Counsel told Valeriano's lawyer "don't do anything yet, we may agree, hold off," then the case would be more like *Socop-Gonzalez*, and equitable tolling might be justified. But the INS did not do that, or anything else to justify Valeriano's delay in filing his motion.

[5] Valeriano's counsel could have timely filed his motion with the BIA while his joinder request to the District Counsel was still pending — and even told the BIA that the District Counsel had not responded. Perhaps the District Counsel would have eventually filed notice of its agreement (or perhaps not). If the BIA had not yet ruled on the original, solo motion to reopen, Valeriano could have sought leave to amend the motion when and if the District Counsel agreed to join.[17] Even if the BIA had denied Valeriano's motion before the District Counsel had responded to Valeriano's counsel's request to join the motion, the District Counsel's eventual agreement — had it come — would have revived Valeriano's ability to file a motion to reopen. Section 1003.2(c)(3)(iii) clearly states that a jointly filed motion is exempt from the time and numerical limitations on the BIA's jurisdiction to entertain such a motion. Thus, Valeriano's counsel's decision

---

[17]Petitioner argues that § 1003.2(c)(3)(iii) requires a motion be filed jointly in the first instance in order to qualify for that section's exemptions, but nothing in the regulations appears to preclude amending a motion to reflect a newly obtained agreement to join an existing motion to reopen. Moreover, even were petitioner's interpretation of § 1003.2(c)(3)(iii) correct, he simply could have filed a new motion once he had obtained the District Counsel's agreement, as explained in text.

to delay filing a motion to reopen until he received the District Counsel's long-awaited response was tactical.[18]

The District Counsel's long response time does, of course, have the potential to threaten the meaningful exercise of the joint filing option extended in § 1003.2(c)(3)(iii), particularly if the BIA should deny the motion before the District Counsel has decided whether or not to file jointly. Lawyers and agencies can impose real hardship by refusing to respond to telephone calls and letters. Such refusal can be an unfair tactic. At oral argument, petitioner's counsel contended that if the BIA denied a solo motion before the District Counsel responded to the motion to join, and there is a "third or fourth motion to reopen," then "it becomes extremely difficult . . . to get a joint stipulation from the government." Although we are troubled by this possibility, we are unable to speculate on this record that the District Counsel would in fact ignore or summarily deny requests to file jointly in compelling cases, even after the BIA has denied the solo motion. Moreover, the BIA is not powerless to forestall the development of such troubling situations. If, when filing a timely motion to reopen, an alien advises the BIA of a pending request with the District Counsel to file jointly, the BIA could stay its decision until the District Counsel responds to the request.

[6] Because we see no unavoidable conflict between simultaneously filing a motion to reopen under 8 C.F.R. § 1003.2(c)(1) and a request to file jointly under 8 C.F.R. § 1003.2(c)(3)(iii), we hold that the petitioner's counsel did

---

[18]The petitioner does not argue (and we express no opinion as to whether) his second counsel's "failure to file necessary papers in immigration proceedings" due to an erroneous belief that he could wait to file the motion until he had received the District Counsel's response "constitute[s] ineffective assistance of counsel," *Iturribarria v. INS*, 321 F.3d 889, 900 (9th Cir. 2003), and therefore a denial of due process under the Fifth Amendment because "the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Lopez v. INS*, 775 F.2d 1015, 1017 (9th Cir. 1985).

not act diligently by delaying filing until he had received the District Counsel's response to his request, and thus the petitioner is not entitled to equitable tolling of the filing deadline.

**PETITION DENIED.**