**Vijanti Devi SHARMA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–71940.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 2007.

Filed May 16, 2007.

Jonathan W. Hughes, Esq., Jeremy T. Kamras, Esq., Howard Rice Nemerovski Canady Falk & Rabkin, A Professional Corporation, San Francisco, CA, for Petitioner.

Vijanti Devi Sharma, San Jose, CA, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Genevieve Holm, Esq., Efthimia S. Pilitsis, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, WARDLAW and BYBEE, Circuit Judges.

## MEMORANDUM *

Vijanti Devi Sharma petitions for review of the Board of Immigration Appeals' order denying her motion to reopen for adjustment of status and her motion to reopen based on changed country conditions in her home country of Fiji. We deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. On June 16, 1999, Sharma also filed a *pro se* motion to reopen based on the Convention Against Torture and Other Forms of Cruel,

### A. Adjustment of status

■ Sharma's case was administratively closed on April 27, 1995, when the BIA denied her appeal of the IJ's decision to deport her *in absentia.* Sharma filed her motion to reopen for adjustment of status on May 1, 2000, more than five years later and well beyond the 90–day limitation on such motions. *See* 8 C.F.R. § 1003.2(c).

■ Even if she had raised equitable tolling in front of the BIA (which she did not), Sharma's allegations that her original counsel was ineffective do not carry the day. There is no evidence that her counsel represented her during that entire five-year period, that she ever notified him that her husband's visa application had been approved or that she retained him to pursue adjustment of status. Indeed, the record is silent as to what prompted Sharma, after doing nothing with her case for such a long period of time, to file a motion to reopen *pro se.*[1] For these same reasons, there was no showing of ineffective assistance amounting to a due process violation.

### B. Changed country conditions

■ We also hold that the BIA's conclusion that Sharma did not meet her burden of establishing a prima facie case of eligibility for asylum was not "arbitrary, irrational, or contrary to law." *Valeriano v. Gonzales,* 474 F.3d 669, 672 (9th Cir.2007) (setting forth our standard of review of the BIA's denial of a motion to reopen). We recognize that Indo–Fijians were targets of the violence that erupted following the May 2000 coup by Fijian nationalists, *see*

Inhumane or Degrading Treatment or Punishment. The BIA denied the motion, and we dismissed her petition for review for failure to prosecute. In this instant petition, Sharma asserts no claims regarding that failed motion.

*Gafoor v. INS,* 231 F.3d 645 (9th Cir.2000), and the U.S. State Department Country Reports that Sharma submitted confirm that. Although we have said that when the petitioner establishes that "many members of his or her group are targets for persecution, less of an individualized showing [ ] is required to qualify for asylum," that "does not mean that all Indian Fijians are eligible for asylum." *Chand v. INS,* 222 F.3d 1066, 1076 (9th Cir.2000) (emphasis omitted); *see also Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir. 2003) (petitioner must show some level of individualized targeting).

The only evidence in the record concerning individualized risk of persecution is Sharma's affidavit in support of her 1993 asylum application. But the attacks described in that affidavit were already up to 10 years old by the time Sharma moved to reopen her case. And according to Sharma's affidavit, the persecution that she and her family previously suffered was based in no small part on her father's involvement in the Labor Party around the time of the 1987 coups. Sharma, however, presented no *new* evidence that the Fijian authorities "retained a continuing interest" in him or his family. *Chand,* 222 F.3d at 1075 (explaining that the court previously denied an Indo–Fijian asylum where he "was detained for a short period," "suffered a relatively mild beating in the immediate aftermath of the coups," and "presented no evidence that the Fijian government retained a continuing interest in him" (citing *Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995))).

Moreover, the 2001 Country Report states that "[t]he harassment of Indo–Fijians and the destruction of their property during 2000 did not continue during [2001]." Given the state of the entire record, we cannot say that Sharma demonstrated "a reasonable likelihood of success on the merits" of her application. *In re M–S–,* 22 I. & N. Dec. 349, 357 (BIA 1998) (en banc) ("[W]here an alien is seeking previously unavailable relief and has not had an opportunity to present her application before the Immigration Judge, the Board will look to whether the alien has proffered sufficient evidence to indicate that there is a reasonable likelihood of success on the merits so as to make it worthwhile to develop the issues further at a full evidentiary hearing.").

**PETITION DENIED.**