Gayane SARGSYAN, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

Gayane Sargsyan, Petitioner,

v.

Michael B. Mukasey, Attorney General, Respondent.

Gayane Sargsyan, Petitioner,

v.

Michael B. Mukasey, Attorney General, Respondent.

Nos. 05–75042, 06–74851, 07–71116.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 6, 2008.*

Filed Aug. 20, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ahmed M. Abdallah, Esq., Hollywood, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Lyle D. Jentzer, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

## MEMORANDUM **

Gayane Sargsyan, a native and citizen of Armenia, petitions for review of a final decision issued by the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) denial of asylum, withholding of removal, and Convention Against Torture (CAT) protection. She also seeks review of the BIA's denial of her motions to reopen and to reconsider. We deny the consolidated petitions for review.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

To establish her eligibility for asylum, Sargsyan was required to prove she suffered past persecution or has a well-founded fear of future persecution. *Lolong v. Gonzales,* 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc). For withholding of removal, she had to demonstrate it is more likely than not that she would be subjected to persecution if returned to Armenia. *Kohli v. Gonzales,* 473 F.3d 1061, 1070 (9th Cir.2007). CAT relief required her to establish it would be more likely than not that she would be tortured upon her return to Armenia. *Muradin v. Gonzales,* 494 F.3d 1208, 1210–11 (9th Cir.2007).

Sargsyan sought to meet these standards by testifying and presenting evidence that she was beaten by her husband, his relatives, neighbors, and the police because of her mixed ethnicity—Armenian and Azerbaijanian. To support her claim of ethnicity, she submitted a copy of her birth certificate and her mother's birth certificate, both indicating her mother is Azerbaijanian. The IJ determined, however, that Sargsyan was not credible because the birth certificates were fraudulent, and in fact, records indicate her mother is Armenian.

■ Sargsyan argues the government's evidence regarding the birth certificates is hearsay and otherwise unreliable because it does not identify the public official in Armenia who claimed the documents are fake and who conducted the record search of the mother's ethnicity. We disagree. "Immigration judges retain broad discretion to accept a document as authentic or not" and may rely on their judicial experience in considering whether a document is trustworthy. *See Vatyan v. Mukasey,* 508 F.3d 1179, 1185 & n. 4 (9th Cir.2007). Moreover, we require only that the record

"include some evidence undermining [the] reliability" of a document. *Lin v. Gonzales,* 434 F.3d 1158, 1162 (9th Cir.2006) (internal quotation omitted).

We conclude that substantial evidence supports the adverse credibility finding and thus Sargsyan failed to establish her eligibility for asylum. She therefore also failed to meet the higher burden of proving her entitlement to withholding of removal. *See Kumar v. Gonzales,* 439 F.3d 520, 525 (9th Cir.2006). Finally, because her stated fear of future torture is based on the same evidence which the IJ determined not to be credible, Sargsyan failed to establish her eligibility for CAT relief. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003).

Sargsyan moved to reopen, arguing conditions in Armenia had deteriorated and she recently married a United States citizen who filed a visa petition for her. The BIA did not abuse its discretion by denying the motion. *See He v. Gonzales,* 501 F.3d 1128, 1130 (9th Cir.2007) (noting standard of review). Although human rights conditions in Armenia are poor, there was no new evidence submitted that is material to Sargsyan's situation. *See Toufighi v. Mukasey,* 510 F.3d 1059, 1066–67 (9th Cir.2007) (noting petitioner must establish that changes in country conditions are material to claim). Moreover, Sargsyan's motion was not supported by any evidence of her recent marriage or visa petition. *See Young Sun Shin v. Mukasey,* 519 F.3d 901, 907 (9th Cir.2008) (noting a motion to reopen must "be supported by affidavits or other evidentiary materials demonstrating *prima facie* eligibility for the relief sought").

Sargsyan also moved for reconsideration of the denial of her motion to reopen, arguing that conditions had worsened in Armenia and submitting evidence of her bona fide marriage and a copy of the visa petition filed by her husband. Again, the BIA did not abuse its discretion. *See Valeriano v. Gonzales,* 474 F.3d 669, 672 (9th Cir.2007) (noting standard of review). Sargsyan did not raise any legal arguments regarding the BIA's denial of relief. *See Ghahremani v. Gonzales,* 498 F.3d 993, 997 n. 1 (9th Cir.2007) (noting a motion for reconsideration "challenges the BIA's legal conclusion based on the record before it"). Moreover, she is not permitted to introduce new evidence to establish her factual basis for relief. *See Plasencia–Ayala v. Mukasey,* 516 F.3d 738, 745 (9th Cir.2008) (contrasting motions to reopen with motions for reconsideration and noting the latter does not permit review of new evidence). Finally, the BIA did not err in refusing to treat her request for reconsideration as a second motion to reopen. *See Chen v. Mukasey,* 524 F.3d 1028, 1032 (9th Cir.2008) (barring successive motions to reopen based on changed personal circumstances).

**PETITIONS FOR REVIEW DENIED.**