**Rajesh DUTT, et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**Rajesh Dutt, et al., Petitioners,**

v.

**Michael B. Mukasey, Attorney General, Respondent.**

---

* The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Rajesh Dutt, et al., Petitioners,

v.

Michael B. Mukasey, Attorney General, Respondent.

Nos. 04–71801, 06–70818, 07–72714.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 21, 2008.

Filed Jan. 9, 2009.

**98**

Ashwani K. Bhakhri, Joseph J. Siguenza, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioners.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Julia Tyler, Esq., Barry J. Pettinato, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY and WARDLAW, Circuit Judges, and MILLS,* District Judge.

MEMORANDUM **

Lead petitioner Rajesh Dutt, his wife Lata Rashmin Dutt, and their daughter, Swestha Sonal Dutt, natives and citizens of Fiji of ethnic Indian heritage, seek review of three decisions of the Board of Immigration Appeals ("BIA"): (1) a 2004 decision adopting and affirming an Immigration Judge's ("IJ") 2002 finding of adverse credibility and denial of asylum, withholding of removal, and relief under the Convention Against Torture; (2) a 2006 denial of a motion to reopen on the grounds of ineffective assistance of counsel and changed country conditions as untimely; and (3) a 2007 denial of a motion to reopen on the ground of changed country conditions as untimely. We have jurisdiction under Immigration and Nationality Act § 242, 8 U.S.C. § 1252 (2006). We deny each petition for review and remand to the BIA with instructions to grant Dutt a ninety day voluntary departure period.

**1.** We affirm the IJ's denial of asylum and withholding of removal, and relief under the Convention Against Torture, challenged in appeal no. 04–71801. Because the BIA adopted and affirmed the IJ's 2002 decision denying Dutt's application, we review the IJ's decision directly. *Al–Harbi v. INS*, 242 F.3d 882, 887 (9th Cir.2001). Substantial evidence supports the IJ's adverse credibility determination. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002). Dutt claimed past persecution on the ground of political opinion in his original asylum application, repudiated that basis in his 1996 merits hearing, and then re-adopted essentially the same account as contained in his asylum application at the 2002 hearing on remand. Material inconsistencies in testimony can serve as a basis for an adverse credibility finding. *Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001). We reject Dutt's argument that the IJ's 1996 finding that he was credible is binding upon us as law of the case. *Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir.1995). The IJ on remand, faced with new testimony inconsistent with that of the prior hearing, properly found that Dutt was not credible. Given the lack of credible testimony regarding the basis for a well-founded fear of future persecution, the IJ's finding that Dutt presented insufficient evidence of changed country conditions relating to the May 2000 coup was not erroneous. *Malty v. Ashcroft*, 381 F.3d 942, 945–46 (9th Cir. 2004).

**2.** We affirm the BIA's 2006 denial of a motion to reopen, challenged in appeal no. 06–70818. The BIA did not abuse its discretion in failing to reopen

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Dutt's case on the motion claiming ineffective assistance of counsel. Dutt did not establish that he acted with due diligence to uncover and pursue an appeal of counsel's ineffective assistance, *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003), nor did he follow established procedural requirements, *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). Nor does the record present a clear and obvious case of ineffective assistance. *Castillo–Perez v. INS*, 212 F.3d 518, 525–26 (9th Cir.2000). Dutt's argument that his attorney allowed him to discuss past persecution at the hearing on remand fails to demonstrate any deficiency; his claim that she inadequately prepared him is not supported by the record.

The BIA did not abuse its discretion in failing to reopen Dutt's case on the basis of changed country conditions. The BIA properly considered Dutt's claims and correctly concluded that because the account of changes was largely speculative, proceedings need not be reopened. *Malty*, 381 F.3d at 947.

■ 3. We also affirm the BIA's 2007 denial of a motion to reopen, challenged in appeal no. 07–72714. The BIA did not abuse its discretion in failing to reopen Dutt's case on the motion claiming changed country conditions following the December 2006 coup. *Valeriano v. Gonzales*, 474 F.3d 669, 672 (9th Cir.2007). Dutt failed to establish an individualized well-founded fear of future persecution. *Bhasin v. Gonzales*, 423 F.3d 977, 983–85 (9th Cir.2005). The conditions following the December 2006 coup restrict the free speech and assembly rights of all Fiji citizens, and not Dutt individually, or even ethnic Indians specifically.

■ 4. The BIA erred by shortening by sixty days the period for voluntary

departure granted by the IJ. *Padilla–Padilla v. Gonzales*, 463 F.3d 972, 981 (9th Cir.2006). The government conceded at argument that remand was necessary to correct the error; we therefore remand to the BIA with instructions to reinstate the ninety day period for voluntary departure. We previously granted Dutt's timely motion for stay of removal, which includes a request for stay of voluntary departure. "[T]he stay of voluntary departure will expire upon issuance of the mandate." *Desta v. Ashcroft*, 365 F.3d 741, 750 (9th Cir. 2004).

**AFFIRMED IN PART, REMANDED IN PART.**