MEMORANDUM *
Benjamin Arellano Tuazon and members of his family are natives and citizens of the Philippines who were ordered removed from Guam. An Immigration Judge (“IJ”) found Benjamin Tuazon removable on the basis of fraud and willful misrepresentation stemming from his reentry from the Philippines into Guam using a visa obtained for work on a job he was previously told he would no longer have. We review the IJ’s decision for substantial evidence, Romero-Ruiz v. Mukasey, 538 F.3d 1057, 1061 (9th Cir.2008). We conclude that the IJ’s decision that Benjamin Tuazon’s reentry constituted a *149 misrepresentation of his employment status had adequate support in the record. The IJ’s conclusion that the other members of Benjamin Tuazon’s family had no independent basis for lawful admission to Guam was also supported by substantial evidence.
We hold that the Notice to Appear provided the lead petitioner with adequate notice of the charges against him. Finally, we review the denial of a motion to reopen or reconsider for abuse of discretion, and will reverse only if the agency’s decision was “arbitrary, irrational, or contrary to law.” Valeriano v. Gonzales, 474 F.3d 669, 672 (9th Cir.2007) (citation omitted). The Board of Immigration Appeals did not abuse its discretion by upholding the denial of the petitioners’ motion to reopen and reconsider, because the petitioners did not present any previously unavailable evidence, Romero-Ruiz, 538 F.3d at 1063, or demonstrate that the IJ’s decision contained any errors of fact or law, 8 C.F.R. § 1003.23(b)(2).
Petition DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.