MEMORANDUM **
In these consolidated petitions for review, Gregorio Ostolaza-Ayala, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals’ (“BIA”) orders denying his motions to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of motions to reopen, Iturribarria v. INS, 321 F.3d 889, 894 (9th Cir.2003), and we deny in part and dismiss in part the petition for review in No. 05-75966, and deny the petition for review in No. 07-70643.
The BIA did not abuse its discretion in denying Ostolaza-Ayala’s initial motion to reopen as untimely because it was filed more than a year and a half after the *989 BIA’s October 15, 2003 order summarily affirming the immigration judge’s decision. See 8 C.F.R. § 1003.2(c)(2).
Ostolaza-Ayala’s contention that the BIA erred by failing to address his equitable tolling argument is unavailing because his motion to reopen did not include a valid equitable tolling claim. Cf. Iturribarria, 321 F.3d at 897 (equitable tolling is available “when a petitioner is prevented from filing [a motion to reopen] because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error”)
We lack jurisdiction to review the BIA’s decision not to invoke its sua sponte authority to reopen removal proceedings under 8 C.F.R. § 1003.2(a). See Ekimian v. INS, 303 F.3d 1153, 1159 (9th Cir.2002).
The BIA did not abuse its discretion in denying Ostolaza-Ayala’s second motion to reopen because it was filed more than three years after the BIA’s final administrative order, see 8 C.F.R. § 1003.2(c)(2), and Ostolaza-Ayala failed to demonstrate eligibility for equitable tolling. See Valeriano v. Gonzales, 474 F.3d 669, 673 (9th Cir.2007) (“The party’s ignorance of the necessary information must have been caused by circumstances beyond the party’s control.”) (internal quotation marks and citation omitted).
Ostolaza-Ayala’s remaining contentions lack merit.
All pending motions are denied.
No. 05-75966: PETITION FOR REVIEW DENIED in part, DISMISSED in part.
No. 07-70643: PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.