**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 14 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARMEET SINGH KHAMBA, | No. 05-73471 |
| Petitioner, | Agency No. A072-171-756 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

| | |
|---|---|
| HARMEET SINGH KHAMBA, | No. 05-76696 |
| Petitioner, | Agency No. A072-171-756 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

| | |
|---|---|
| HARMEET SINGH KHAMBA, | No. 06-71477 |
| Petitioner, | Agency No. A072-171-756 |
| v. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 15, 2013
San Francisco, California

Before: SCHROEDER and MURGUIA, Circuit Judges, and MCNAMEE, Senior
District Judge.[**]

Petitioner Harmeet Singh Khamba (aka Gurjit Singh), a native and citizen of
India, petitions for review of several orders of the Board of Immigration Appeals
("BIA") after a previous remand for consideration of the Immigration Judge's
("IJ") adverse credibility determination. The BIA affirmed the IJ's decision
denying Khamba's applications for asylum, withholding of removal, and protection
under the Convention Against Torture. The BIA also denied his motion to reopen
seeking adjustment of status and his motion to reconsider. We deny the petitions.

Khamba submitted a family ration card that was internally inconsistent in
listing members of his family not born as of the purported issue date, but omitting

---

[**]    The Honorable Stephen M. McNamee, Senior United States District
Judge for the District of Arizona, sitting by designation.

2

his brother, who was alive as of that date. His shifting explanations for these inconsistencies are neither reasonable nor plausible. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011). The card was intended to establish the composition of his family, which was critical to his assertion of persecution based on the imputed political opinion of his brother. The inconsistencies therefore support the adverse credibility finding because they go to the heart of his claim. *Wang v. I.N.S.*, 352 F.3d 1250, 1259 (9th Cir. 2003).

The BIA did not abuse its discretion by denying Khamba's motion to reopen. The BIA has broad discretion to deny a motion to reopen. *I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992); *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). The BIA concluded that Khamba was not entitled to a favorable exercise of discretion because he submitted his asylum application under a false identity. This decision was not an abuse of discretion because it was not "arbitrary, irrational, or contrary to law." *Valeriano v. Gonzales*, 474 F.3d 669, 672 (9th Cir. 2007) (internal quotation and citation omitted).

The denial of Khamba's motion to reopen was not a violation of his due process rights. Khamba's contentions that the BIA overlooked evidence do not overcome the presumption that the BIA reviewed all of the evidence. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006). Khamba, furthermore,

3

cannot show a violation of any substantive right protected by due process because his petition for adjustment of status was lawfully denied. *See Morales-Izquierdo v. Dep't of Homeland Sec.*, 600 F.3d 1076, 1091 (9th Cir. 2010).

Khamba waived review of the motion to reconsider by failing to offer any legal arguments to contest that decision.

**PETITIONS DENIED**.