**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BEANT SINGH, | No. 09-70211 |
| Petitioner, | Agency No. A079-610-040 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2013[**]
San Francisco, California

Before: RIPPLE,[***] FERNANDEZ, and CALLAHAN, Circuit Judges.

Petitioner Beant Singh ("Singh") challenges the Board of Immigration

Appeals' ("BIA") denial of his motion to reopen based on changed country

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kenneth F. Ripple, Senior Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

conditions. Singh contends that the BIA abused its discretion by denying his motion because the BIA misunderstood the motion and failed to address his claim under the Convention Against Torture ("CAT"). Singh contends that: (1) his case should be reopened because of changed conditions in the country of India; (2) the Immigration Judge ("IJ") was biased; and (3) his due process rights were violated because he did not receive notice of the ninety-day deadline for a motion to reopen.

We have jurisdiction under 8 U.S.C. § 1252(a)(1) and review the BIA's decision to deny Singh's motion for abuse of discretion. *Feng Gui Lin v. Holder*, 588 F.3d 981, 984 (9th Cir. 2009). "Motions to reopen are discretionary and disfavored." *Valeriano v. Gonzales*, 474 F.3d 669, 672 (9th Cir. 2007) (footnote reference and internal quotation marks omitted). "The decision of the BIA should be left undisturbed unless it is arbitrary, irrational, or contrary to law." *Feng Gui Lin*, 588 F.3d at 984 (quoting *He v. Gonzales*, 501 F.3d 1128, 1131 (9th Cir. 2007)).

To prevail on his motion to reopen, Singh must clear four hurdles: "(1) he ha[s] to produce evidence that conditions had changed in [India]; (2) the evidence ha[s] to be material; (3) the evidence must not have been available and would not have been discovered or presented at the previous proceeding; and (4) he ha[s] to demonstrate that the new evidence, when considered together with the evidence

2

presented at the original hearing, would establish prima facie eligibility for the relief sought." *Feng Gui Lin*, 588 F.3d at 986 (internal quotation marks omitted).[1]

**1.**     Singh contends that his case should be reopened because he has shown changed circumstances in India. The BIA reasonably determined that Singh failed to present any evidence to support his claim of changed circumstances. Although Singh presented the BIA with numerous articles and reports discussing the conditions in India, the submissions state that the conditions have been consistent for the past few decades and are part of a long standing practice. Thus, Singh has failed to establish changed country conditions within India.

Furthermore, even if Singh could show changed circumstances, he fails to meet the fourth requirement because he has not "demonstrate[d] that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought." *Feng Gui Lin*, 588 F.3d at 986. Singh's claim for asylum is not viable because the IJ made an adverse credibility finding, and Singh failed to seek judicial review of the BIA's affirmance of the adverse credibility finding. *See Toufighi v. Mukasey*, 538 F.3d 988, 995 (9th Cir. 2008) (holding that the Ninth Circuit could not review a

---

[1]     Because the parties are familiar with the facts and procedural history, we restate them here only as necessary to explain our decision.

previous IJ's decision because the petitioner had failed to seek timely review of the IJ's decision).   Moreover, Singh has failed to make a prima facie showing of the possibility of torture necessary for relief under the CAT.  *See Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011) (defining acts constituting torture under the CAT).

**2.**   Singh's contention that the IJ was biased is not properly before this Court because: (a) the BIA rejected this claim in its 2005 decision; (b) Singh did not seek judicial review of the BIA's decision; and (c) Singh has not proffered any new evidence to support his claim.  Our jurisdiction is limited to review of the BIA's Order of December 22, 2008, denying Singh's motion to reopen.  *See Toufighi*, 538 F.3d at 995.

**3.**   Singh's contention that his due process rights were violated because he did not receive actual notice of the ninety-day motion to reopen deadline is not well taken. *See Luna v. Holder*, 659 F.3d 753, 759 (9th Cir. 2011) (finding that all aliens presumptively have been given notice of a deadline to file a motion to reopen to where the law has been enacted by Congress and the regulation has been published in Federal Register).  Moreover, Singh's motion to reopen based on changed country conditions was not subject to the ninety-day deadline.  *See* 8 U.S.C. §1229a(c)(7)(C)(ii).

4

For the foregoing reasons, Singh's petition for review of the BIA's denial of his motion to reopen is **DENIED**.