**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALVARO EDUARDO CHAVEZ DIAZ, | No. 12-74039 |
| Petitioner, | Agency No. A070-189-619 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013**

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Alvaro Eduardo Chavez Diaz, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's ("IJ") decision denying his motion to

reconsider.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse

---

        *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        **    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

of discretion the denial of a motion to reconsider. *Valeriano v. Gonzales*, 474 F.3d 669, 672 (9th Cir. 2007). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Chavez Diaz's motion to reconsider where Chavez Diaz did not identify any error of law or fact in the IJ's prior decision denying his motion to reopen. *See* 8 C.F.R. § 1003.2(b)(1), (c)(2)-(3). Specifically, Diaz Chavez did not challenge the IJ's determination that his motion to reopen was untimely, *see* 8 U.S.C. § 1229a(b)(5)(C)(i), and he failed to demonstrate changed circumstances in El Salvador to satisfy the requirements of 8 C.F.R. § 1003.23(b)(4)(i). *See Malty v. Ashcroft*, 381 F.3d 942, 946 (9th Cir. 2004) (The relevant question is whether the new information was unavailable or undiscoverable at the previous asylum hearing).

We lack jurisdiction to consider Chavez Diaz's unexhausted contention regarding the alleged ineffective assistance of his former attorney. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

We also lack jurisdiction to review the BIA's discretionary decision to not

reopen removal proceedings sua sponte.  *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**