
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| RICARDO PEREZ-MORALES, | No. 10-71901 |
| Petitioner, | Agency No. A024-965-768 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2014[**]
San Francisco, California

Before: KOZINSKI, Chief Judge, and O'SCANNLAIN and MURGUIA, Circuit
Judges.

    Ricardo Perez-Morales appeals the BIA's denial of his motion to reopen to

seek discretionary relief under former § 212(c) of the Immigration and Nationality

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Act. We review for abuse of discretion. *Valeriano v.Gonzales*, 474 F.3d 669, 672 (9th Cir. 2007).

The deadline for filing a special motion to reopen to apply for discretionary relief under former § 212(c) was April 26, 2005. 8 C.F.R. 1003.44(h). Perez-Morales filed his motion in November 2009. Equitable tolling of a deadline to file a motion to reopen will apply "where, despite all due diligence, [the party invoking equitable tolling] is unable to obtain vital information bearing on the existence of the claim." *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1193 (9th Cir. 2001) (en banc) (alteration in original) (internal quotation marks omitted). We assume *arguendo* that the Immigration Judge at Perez-Morales's 1998 final removal hearing erred by not informing Perez-Morales of the availability of relief under former § 212(c). Perez-Morales is presumed to have had notice of the April 26, 2005, deadline because it was subsequently enacted by the Attorney General and published in the Federal Register. *Luna v. Holder*, 659 F.3d 753, 760 (9th Cir. 2011). And even if Perez-Morales's ignorance of the deadline could serve as a basis for equitable tolling, Perez-Morales has no explanation for why, if he first learned about his potential eligibility for § 212(c) relief when his current counsel first reviewed his file in June 2008, he waited until November 2009 to file his motion.

Additionally, a special motion to reopen to seek § 212(c) relief must establish that the alien "[a]greed to plead guilty or nolo contendere to an offense

rendering the alien deportable or removable, pursuant to a plea agreement made before April 1, 1997." 8 C.F.R. § 1003.44(b)(2). Perez-Morales did not allege in his motion to reopen that his 1994 drug possession conviction was the result of a guilty plea pursuant to a plea agreement.

Because Perez-Morales's motion was untimely and did not establish his eligibility for a § 212(c) waiver, we conclude there was no abuse of discretion.

**PETITION DENIED.**