**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIO CESAR BENITEZ, | No. 14-71187 |
| Petitioner, | Agency No. A026-201-480 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:     LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Julio Cesar Benitez, a native and citizen of El Salvador, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeals from

an immigration judge's ("IJ") decisions denying his motions to reopen and

reconsider.  We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen or reconsider. *Mohammed v. Gonzales,* 400 F.3d 785, 791 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion by denying Benitez's motion to reopen as untimely, where the motion was filed more than 21 years after his final order of removal, *see* 8 C.F.R. § 1003.23(b)(1), and Benitez failed to establish the due diligence required for equitable tolling of the filing deadline, *see Avagyan v. Holder,* 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen due to deception, fraud or error, as long as petitioner exercises due diligence in discovering such circumstances); *see also Valeriano v. Gonzales,* 474 F.3d 669, 673 (9th Cir. 2007) (a party's ignorance of the information necessary to prove a claim of deception, fraud, or error must have been "caused by circumstances beyond the party's control" (citation and quotation marks omitted)).

Contrary to Benitez's contentions, the BIA applied the appropriate legal standards, *see Avagyan*, 646 F.3d at 679, sufficiently considered the arguments he raised on appeal, and provided sufficient reasoning in denying the motion to reopen, *see Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("What is required is merely that [the BIA] consider the issues raised, and announce its

decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (citation and quotation marks omitted)).

The agency also did not abuse its discretion in denying Benitez's motion to reconsider the IJ's denial of his motion to reopen, where he did not establish any error of law or fact in the IJ's decision. *See* 8 C.F.R. § 1003.23(b)(2).

**PETITION FOR REVIEW DENIED.**