NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LOAY HERIZ SHAMUON ALASKCR, AKA Loay Hermiz Shamoun Alaskar, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   20-71213 <br><br> Agency No. A206-267-435 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2021**
Pasadena, California

Before:  WARDLAW and HURWITZ, Circuit Judges, and BOUGH,*** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Stephen R. Bough, United States District Judge for the
Western District of Missouri, sitting by designation.

Loay Heriz Shamuon Alaskcr, a native and citizen of Iraq, petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing an appeal from the order of an Immigration Judge ("IJ") denying a motion to reopen. We review for abuse of discretion, *see INS v. Doherty*, 502 U.S. 314, 323–24 (1992), and will not disturb the BIA's decision unless it is "arbitrary, irrational or contrary to law," *Valeriano v. Gonzales*, 474 F.3d 669, 672 (9th Cir. 2007) (citation omitted). We deny the petition for review.

Because Alaskcr filed his motion to reopen more than 90 days after the final administrative decision of removal, it was untimely. 8 U.S.C. § 1229a(c)(7)(C)(i). Untimeliness may be excused if "circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution." *See Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004).

Alaskcr argues that the rise of ISIS from 2014 to 2016 increased the likelihood of persecution of Chaldean Christians and those returning to Iraq from the United States. The IJ concluded, however, "[t]here has been sectarian violence in Iraq for many years . . . [and] [r]espondent has not shown that conditions have materially worsened since his removal hearing was completed in 2016," and that "if anything,

2

the evidence in this case shows a decrease in the level of violence in Iraq."[1]  The IJ also found that the "evidence shows that Iraqis with ties to the U.S. have faced difficulties upon returning to Iraq for more than a decade, since at least 2007," and that individuals returning to Iraq with ties to the United States do not face a likelihood of being tortured.  The record supports the IJ's conclusions, and the agency therefore did not abuse its discretion in finding that Alaskcr did not establish materially changed country conditions in Iraq for Chaldean Christians.[2]

**PETITION FOR REVIEW DENIED.**

---

[1]     Alaskcr does not challenge in this Court the IJ's use of 2016 as the starting date for gauging the purported change in conditions.

[2]     Alaskcr argued for the first time on appeal to the BIA that the resumption of removals to Iraq was a material change in circumstances warranting reopening.  *See Hamama v. Adduci*, 912 F.3d 869, 872 (6th Cir. 2018).  The BIA did not abuse its discretion by finding that Alaskcr failed to establish how recent deportations to Iraq increased his risk of persecution and torture.