NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

APR 4 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OSCAR EDUARDO VILLEGAS
AVENDANO; DIANA MARCELA
ARANDA BARRERA; GABRIELA
VILLEGAS ARANDA,

  Petitioners,

 v.

PAMELA BONDI, Attorney General,

  Respondent.

No. 23-4055

Agency Nos.
A240-609-441
A240-084-545
A240-084-546

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 2, 2025**
Pasadena, California

Before: GILMAN***, M. SMITH, and VANDYKE, Circuit Judges.

  Petitioners Oscar Eduardo Villegas Avendano, Diana Marcela Aranda

Barrera, and their minor daughter, (collectively "Petitioners") are natives and

---

*  This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

**  The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

***  The Honorable Ronald Lee Gilman, United States Circuit Judge for the Court
of Appeals, 6th Circuit, sitting by designation.

citizens of Colombia. They seek review of the Board of Immigration Appeals' ("BIA") summary dismissal of their appeal from a decision by an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the BIA's summary dismissal of an appeal under the abuse-of-discretion standard. *Nolasco-Amaya v. Garland*, 14 F.4th 1007, 1012 (9th Cir. 2021). And we review the underlying "primarily factual" question of whether an applicant exercised due diligence under the substantial evidence standard. *See Wilkinson v. Garland*, 601 U.S. 209, 225 (2024); *see also* 8 U.S.C. § 1252(b)(4)(B). Under this "highly deferential" standard, the agency's findings are considered "conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (citation omitted).

Petitioners' appeal to the BIA was untimely because it was filed more than 30 calendar days after the IJ's decision. *See* 8 C.F.R. § 1003.38(b). Petitioners argue that they are entitled to equitable tolling of the filing deadline based upon their allegation that the appeal packet was misplaced during transit. "[A] petitioner is entitled to equitable tolling of the deadline 'during periods when a petitioner is prevented from filing because of a deception, fraud, or error, as long as petitioner

23-4055

acts with due diligence in discovering the deception, fraud or error.'" *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (citation omitted).

Substantial evidence supports the BIA's conclusion that Petitioners did not act with due diligence upon learning of the misplaced packet. "[D]iligence in attempting to obtain nonvital information or acquiescence is not 'diligence' within the meaning of our [court's] equitable tolling jurisprudence." *Valeriano v. Gonzales*, 474 F.3d 669, 673 (9th Cir. 2007). Petitioners' one-week delay after learning of the misplaced packet was due to Petitioners' effort to obtain "nonvital information" from FedEx about the misplaced packet, and to obtain "nonvital … acquiescence" from DHS attorneys in not opposing the late appeal. The record therefore does not compel the conclusion that Petitioners acted with due diligence in remedying the late filing. The BIA did not abuse its discretion by summarily dismissing the appeal.

Petitioners have waived any potential ineffective assistance of counsel ("IAC") claim by failing to include any argument in their opening brief. *See Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007) ("Issues raised in a brief that are not supported by argument are deemed abandoned." (citation omitted)). This claim also is not exhausted because Petitioners did not file a motion to reopen at the BIA or raise their IAC claim in that venue in the first instance. *See Benedicto v. Garland*, 12 F.4th 1049, 1062 (9th Cir. 2021).

**PETITION DENIED.**

23-4055