**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELENILSON A. COTO DELGADO, | No. 24-607 |
| Petitioner, | Agency No. A029-212-247 |
| v. | |
| PAMELA BONDI, Attorney General, | |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2025**
Phoenix, Arizona

Before: RAWLINSON, BUMATAY, and SANCHEZ, Circuit Judges

Petitioner Elenilson Armando Coto Delgado, a native and citizen of El
Salvador, petitions for review of the Board of Immigration Appeals' (BIA) denial of
his motion to reopen. Coto Delgado also challenges the BIA's denial of his request

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

for an emergency stay of removal pending consideration of his motion to reopen. The BIA's denial of a motion to reopen is reviewed for abuse of discretion, which is only met if the denial is "arbitrary, irrational, or contrary to law." *Valeriano v. Gonzales*, 474 F.3d 669, 672 (9th Cir. 2007) (citation omitted). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. The BIA did not abuse its discretion by denying Coto Delgado's motion to reopen. To prevail on a motion to reopen based on changed country conditions or circumstances, the petitioner must introduce previously unavailable evidence and "demonstrate that the evidence is material" to his claim for relief. *Silva v. Garland*, 993 F.3d 705, 718 (9th Cir. 2021). This court has further explained that such evidence must be "qualitatively different" from the evidence presented at the previous hearing and have "individualized relevancy" to the petitioner's claim. *Najmabadi v. Holder*, 597 F.3d 983, 987, 989 (9th Cir. 2010) (cleaned up).

Coto Delgado submitted two expert reports on El Salvador, one article from Columbia University on El Salvador, and one report from a human rights organization. Coto Delgado's sole argument to the BIA regarding the materiality of his evidence was the following: Petitioner "submits that the new evidence filed under Exhibit D establish[es] that country conditions in El Salvador are qualitatively different in that they show a heighted risk of harm towards [Petitioner] establishing a stronger asylum and [Convention Against Torture] claim than the one that existed

2

in 2020." This brief and conclusory statement fails to explain how these documents have "individualized relevancy" to Coto Delgado's claims or how they are "qualitatively different" from the generalized evidence of the Salvadoran government's crackdown on gang violence that Coto Delgado submitted during his initial proceeding. *See Najmabadi*, 597 F.3d at 987, 989. It was thus not an abuse of discretion to deny reopening.[1]

2. The BIA also did not abuse its discretion by refusing to equitably toll the 90-day filing deadline for a motion to reopen for ineffective assistance of counsel. Generally, a motion to reopen must be filed "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i). But the BIA may equitably toll this time limit "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Singh v. Gonzalez*, 491 F.3d 1090, 1095–96 (9th Cir. 2007) (internal quotations and citation omitted).

Petitioner filed his motion to reopen 15 months after the BIA's entry of the final order of removal. Even if Petitioner's former counsel had been deficient, Petitioner's current counsel began representing Petitioner 36 days after the BIA's order. Given that Petitioner was represented by current counsel well within the

---

[1] Given this conclusion, we need not reach Petitioner's claim that the BIA erred in failing to apply a "reasonable likelihood of success" standard.

deadline to file a timely motion to reopen, the BIA was within its discretion to find that Petitioner has not shown the requisite due diligence to equitably toll the deadline. *See Valeriano v. Gonzales*, 474 F.3d 669, 673–75 (9th Cir. 2007) (holding that petitioner failed to exercise due diligence when he waited eight months after learning of attorney's fraud before filing motion to reopen).

3. Finally, Petitioner's due process challenge fails because he was not prejudiced by the BIA's denial of his motion to stay removal pending the motion to reopen. *See Halaim v. INS*, 358 F.3d 1128, 1136 (9th Cir. 2004) ("Due process challenges to deportation proceedings require a showing of prejudice to succeed." (internal quotations and citation omitted)). Petitioner was *not* removed during the pendency of his motion to reopen, and his removal was subsequently stayed for other reasons. *See Rauda v. Jennings*, 55 F.4th 773, 778 (9th Cir. 2022) ("[T]he BIA's order denying [a] stay c[an] be reviewed as part of its final order denying [a] motion to reopen[.]" (citation omitted)).[2]

**PETITION DENIED.**

---

[2] Coto Delgado's motion for a stay of removal and his supplemental motion for a stay of removal are denied. The temporary stay of removal remains in place until the mandate issues.

4