FILED

**NOT FOR PUBLICATION**

FEB 22 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHARANJEET SINGH,

Petitioner,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 05-73633

Agency No. A076-456-997

MEMORANDUM *

CHARANJEET SINGH,

Petitioner,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 08-73919

Agency No. A076-456-997

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 9, 2010
San Francisco, California

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: NOONAN, BERZON and IKUTA, Circuit Judges.

Charanjeet Singh petitions for review of the denial of his motion to reopen by the Board of Immigration Appeals ("BIA"). We have jurisdiction pursuant to 8 U.S.C. § 1252 and review for abuse of discretion. *Mercado-Zazueta v. Holder*, 580 F.3d 1102, 1104 (9th Cir. 2009). We grant the petition.

Singh filed his motion to reopen on April 8, 2008, asserting that his previous attorney, Randhir Kang, was ineffective for failing to take appropriate, timely action after Singh married a U.S. citizen. Motions to reopen based on claims of ineffective assistance of counsel are typically subject to the procedural requirements of *In re Lozada*, 19 I & N Dec. 637 (BIA 1988), which include notifying prior counsel of the allegations. *Lo v. Ashcroft*, 341 F.3d 934, 937 (9th Cir. 2003). The BIA denied Singh's motion to reopen because the notice he sent to Kang was not sufficiently detailed.

In *Morales Apolinar v. Mukasey*, we held that "where a petitioner's attorney has been suspended after failing to respond to prior charges of ineffective assistance, it would be futile for the petitioner to inform counsel of the accusations or file a complaint." 514 F.3d 893, 897 (9th Cir. 2008). Here, the Department of Homeland Security petitioned for Kang's suspension from practicing before the BIA on January 23, 2006, and although Kang was required to file an answer to

2

these allegations, he failed to do so. *See In re Kang*, No. D2005-184, at 1 (BIA Apr. 11, 2006), *available at* http://www.justice.gov/eoir/profcond/FinalOrders/ KangRandhir_FinalOrder.pdf. Accordingly, under *Morales Apolinar*, Singh was excused from providing any notice to Kang. The BIA's strict application of *Lozada* was an abuse of discretion.

The BIA alternatively held that Singh's motion was time-barred. A motion to reopen must be filed within 90 days of a final order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i). This deadline may be equitably tolled, however, "during periods when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Ghahremani v. Gonzales*, 498 F.3d 993, 999 (9th Cir. 2007) (quoting *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003)). If the petitioner acts with due diligence, "the limitations period is tolled until the petitioner 'definitively learns' of counsel's defectiveness." *Id.* (quoting *Singh v. Gonzales*, 491 F.3d 1090, 1096 (9th Cir. 2007)).

Because of Kang's repeated assurances, Singh indicates that he did not definitively learn of Kang's ineffectiveness until speaking with his present counsel in February 2008. The BIA concluded, however, that Singh—through the exercise of due diligence—should have discovered his claim the moment his present

3

counsel was appointed by the court for mediation purposes on August 30, 2007. The BIA provided no reasoned justification for this conclusion. Singh's present counsel did not receive the file in this case until late September 2007, and Singh did not meet his present counsel until October 2007. Present counsel indicates that he did not discover Singh's potential claim until January 28, 2008, having previously been engaged in several months of court-ordered mediation with the government in this matter.

Although we have previously started the limitations period when a petitioner obtains new counsel, we have done so only in light of the particular facts and circumstances of a case. *See Fajardo v. INS*, 300 F.3d 1018, 1022 (9th Cir. 2002) ("*Given the facts of this case*, the limitation period . . . must be tolled until Fajardo was aware of the harm resulting from Serra and Levin's misconduct. *In the present circumstances*, that would be the time in which Fajardo obtained her present counsel." (emphasis added)); *see also Iturribarria*, 321 F.3d at 899 ("If the asserted facts were established, the ninety-day limitation period . . . did not begin running until . . . the day Mr. Iturribarria met with his new counsel to discuss his file *and first became aware of Ms. Colman's alleged fraud*." (emphasis added)). Here, the BIA appears to apply a *per se* rule rather than the fact-sensitive analysis required for equitable tolling. This was an abuse of discretion.

4

We grant Singh's petition and remand to the BIA for further proceedings consistent with this Memorandum.

**PETITION GRANTED**; **REMANDED**.

05-73633/08-73919   Singh v. Holder

IKUTA, Circuit Judge, dissenting:

"We will apply equitable tolling in situations where, despite all due diligence, [the party invoking equitable tolling] is unable to obtain vital information bearing on the existence of the claim." *Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1193 (9th Cir. 2001) (alteration in original) (internal quotation marks omitted).  Petitioners are charged with their attorneys' failure to act diligently. *Valeriano v. Gonzales*, 474 F.3d 669, 675 (9th Cir. 2007).  Singh's new counsel received Singh's file in late September 2007, but did not review the file sufficiently to discover a potential ineffective assistance of counsel claim until January 28, 2008, and did not file a motion to reopen until April 28, 2008.  This delay does not constitute due diligence under any reasonable interpretation of the word.  Given this lengthy delay, the BIA did not err in holding that Singh's motion to reopen was time-barred for lack of diligence regardless when the limitations period began to run.