**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| J EUGENIO GARCIA-CASTILLO; SARA BORJAS, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-72061 <br><br> Agency Nos. A075-708-961 <br> A075-708-962 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2012[**]

Before:     CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Eugenio Garcia-Castillo and Sara Borjas, natives and citizens of Mexico,

petition for review of an order of the Board of Immigration Appeals ("BIA")

denying their motion to reconsider the BIA's prior order denying their motion to

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

reopen removal proceedings based on a claim of ineffective assistance of counsel. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reconsider and review for substantial evidence factual findings underlying the denial of a claim of ineffective assistance of counsel. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying petitioners' motion to reconsider because they failed to identify any error of fact or law in the BIA's prior order denying their motion to reopen as untimely and as not warranting equitable tolling of the filing deadline. *See Yeghiazaryan v. Gonzales*, 439 F.3d 994, 998 (9th Cir. 2006) ("In filing a motion to reconsider, the petitioner must 'specify[] the errors of fact or law in the prior B[IA] decision . . . .'" (citation omitted)); *see also Valeriano v. Gonzales*, 474 F.3d 669, 673 (9th Cir. 2007) (declining to extend equitable tolling based on the tactical decision of the petitioner's attorney to delay filing of a motion to reopen while he waited for the government's response to a request to join in a motion to reopen, because the response was nonvital to the filing of the motion to reopen). Because these determinations were dispositive of the motion to reopen, the BIA did not need to address petitioners' contentions that their prior attorney performed ineffectively or that his actions caused them

prejudice. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." (citations omitted)).

To the extent that petitioners also seek review of the BIA's refusal to reopen their removal proceedings sua sponte, we lack jurisdiction to consider this contention. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

Because these foregoing determinations are dispositive of the present petition for review, we decline to consider petitioners' remaining contentions regarding ineffective assistance. *See Mendez-Alcaraz v. Gonzales*, 464 F.3d 842, 844 (9th Cir. 2006) (declining to reach nondispositive challenges to a BIA order).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**