**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ANITA REYES GUALAJARA, | No. 12-71994 |
| Petitioner, | Agency No. A095-315-441 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 28, 2015[**]
San Francisco, California

Before: THOMAS, Chief Judge and HAWKINS and McKEOWN, Circuit Judges.

Anita Reyes Gualajara, a native and citizen of Mexico, appeals the decision

of the Board of Immigration Appeals denying her second motion to reopen her

removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We deny the

petition for review.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review the BIA's denial of a motion to reopen removal proceedings for abuse of discretion. *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008). The Court defers to the BIA's exercise of discretion unless the Board acted arbitrarily, irrationally, or contrary to law. *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002).

A petitioner is limited to one motion to reopen her removal proceedings, and the motion must be filed within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). However, we permit equitable tolling of "deadlines and numerical limits on motions to reopen or reconsider during periods when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003).

When determining whether to equitably toll the deadlines and numerical limitations on motions to reopen on the basis of ineffective assistance of counsel, we assess "when the tolling period should end; that is, when petitioner definitively learns of the harm resulting from [her former] counsel's deficiency, or obtains 'vital information bearing on the existence of [her] claim.'" *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (quoting *Albillo-De Leon v. Gonzales*, 410 F.3d 1090, 1100 (9th Cir. 2005)). "In many cases, this occurs when the alien obtains a

2

complete record of his immigration proceedings and is able to review that information with competent counsel." *Id.*

Gualajara does not dispute that she has filed a second motion to reopen or that the motion was filed after 90 days from the final administrative decision. However, she claims the time and number limitations to filing a motion to reopen should be equitably tolled due to her former attorneys' ineffective assistance of counsel and acts of fraud. Gualajara's current attorney reviewed her case file on October 6, 2011. Even assuming that Gualajara is able to demonstrate ineffective assistance of counsel and fraud, she did not file her motion to reopen until February 1, 2012, after the 90-day filing period expired. *See Ghahremani v. Gonzales*, 498 F.3d 993, 1000 (9th Cir. 2007) (holding that the 90-day filing deadline runs from the date the petitioner learns of a former attorney's ineffective representation).

Gualajara's arguments that the Court should equitably toll the time and number limitations until the date of filing are not persuasive. Gualajara argues that the filing deadline should be equitably tolled while she waited for DHS to respond to her request to join in her motion to reopen her removal proceedings. This argument is foreclosed by *Valeriano v. Gonzales*. 474 F.3d 669, 673-74 (9th Cir. 2007) (rejecting a petitioner's request to equitably toll his filing deadline during

3

the time petitioner was waiting for the INS to respond to his request for a joint motion to reopen).

Gualajara also argues that the panel should equitably toll the time and number limitations during the time she was detained. But she does not demonstrate how her detention prevented counsel from discovering any deception or fraud on the part of her former attorneys. Her attorney was able to review her file even while she was detained and could have discovered the alleged ineffective representation at that time.

Finally, Gualajara argues that she did not learn that her former attorneys had posted a voluntary departure bond on her behalf until January 17, 2012. Even accepting Gualajara's claim as true, her current attorney would have learned about her former attorneys' alleged ineffective representation as soon as he reviewed her file in October 2011.

**PETITION DENIED.**