NOT FOR PUBLICATION

# FILED

AUG 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| CHARLEY ZACHARIA, | ) | No. 10-72739 |
| | ) | |
| Petitioner, | ) | Agency No. A075-683-010 |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| LORETTA E. LYNCH, Attorney General, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| CHARLEY ZACHARIA, | ) | No. 11-72207 |
| | ) | |
| Petitioner, | ) | Agency No. A075-683-010 |
| | ) | |
| v. | ) | |
| | ) | |
| LORETTA E. LYNCH, Attorney General, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted June 6, 2016[]
Pasadena, California

Before: FERNANDEZ, RAWLINSON, and BEA, Circuit Judges.

Charley Zacharia, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' (BIA) denial of his motions to reopen. *See* 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(1). We deny the petitions.

When Zacharia's applications for asylum,[1] withholding,[2] and Convention Against Torture[3] relief were denied by the Immigration Judge (IJ) on April 11, 2001, Zacharia timely appealed that decision to the BIA,[4] but it affirmed the IJ on September 25, 2002. Zacharia then petitioned for review by this court ("2002 Petition"), but that petition was denied on December 10, 2003.

Zacharia's first motion to reopen was not filed until July 6, 2010. In that motion, Zacharia asserted that his counsel at the hearings before the IJ (first

---

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[1]8 U.S.C. § 1158. We note that the IJ determined that asylum was barred by the one-year statute. *See* 8 U.S.C. § 1158(a)(2)(B). That issue is not before us.

[2]8 U.S.C. § 1231(b)(3).

[3]United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted* Dec. 10, 1984, S. Treaty Doc. No. 100-20 (1988), 1465 U.N.T.S. 85, implemented at 8 C.F.R. § 1208.18.

[4]The appeal was filed on May 1, 2001.

counsel) was ineffective, and that his counsel on the 2002 Petition (third counsel) was also ineffective. He does not assert that his counsel before the BIA (second counsel) was ineffective. He argues that, even though the first motion was not filed within ninety days[5] after the BIA's decision, the time to file should have been equitably tolled.[6] The BIA determined that he was not entitled to tolling because he did not act with due diligence[7] in prosecuting his claim that first counsel was ineffective, and that in any event, he had not presented sufficient evidence to indicate that any error by first counsel had prejudiced him. For purposes of this disposition we will assume, without deciding, that Zacharia had acted diligently, but his petition nevertheless founders on his claim that errors by first counsel prejudiced him. In fact, at the April 11, 2001, merits hearing, the IJ found that Zacharia was credible,[8] but had not shown that he was entitled to withholding or CAT relief. The BIA affirmed that decision in 2002, and when faced with the first motion to reopen, it determined that the motion's "extremely general references" to

---

[5]*See* 8 U.S.C. § 1229a(c)(7)(C)(i).

[6]*See Valeriano v. Gonzales*, 474 F.3d 669, 673 (9th Cir. 2007).

[7]*See Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003).

[8]*See Cordoba v. Holder*, 726 F.3d 1106, 1109 (9th Cir. 2013); *cf. Kaur v. Ashcroft*, 379 F.3d 876, 885, 890 (9th Cir. 2004); *Ladha v. INS*, 215 F.3d 889, 897, 900 (9th Cir. 2000), *overruled on other grounds by Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc).

first counsel's failure to submit material evidence or to properly prepare Zacharia for the hearing did not suffice to justify reopening;[9] the motion did not show that Zacharia was prejudiced[10] by first counsel's alleged ineffectiveness. Without that, third counsel's failure to pursue a motion to reopen based on first counsel's alleged errors was not prejudicial. Because the record supports its determination regarding prejudice, the BIA did not abuse its discretion when it declined to reopen on the basis of ineffective assistance of first or third counsel.[11] *See Toufighi v. Mukasey*, 538 F.3d 988, 992–93 (9th Cir. 2008).

In his first motion to reopen, Zacharia also sought to reopen on the basis of changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). That, of course, was not subject to the ninety-day limitation period. *Id.* However, Zacharia did have to show that the evidence of changed conditions was "material" and that it "was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also Go v. Holder*, 744 F.3d 604, 609

_____

[9] 8 C.F.R. § 1003.2(c)(1); *Young Sun Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008).

[10] *See Iturribarria*, 321 F.3d at 901.

[11] Zacharia also asserts that third counsel's failure to file a petition for rehearing of our decision of December 10, 2003, was ineffective assistance. But Zacharia does not point to any errors of law or fact in our decision that would have supported a petition. *See* Fed. R. App. P. 40(a)(2).

(9th Cir. 2014). The new evidence had to be "'qualitatively different'"[12] from that of the previous hearing, and had to be sufficient to establish a prima facie case for relief.[13] Based on the record, including the relevant Country Reports[14] and the articles Zacharia submitted, the BIA did not err when it determined that he was not entitled to reopen based on changed country conditions.

We recognize that for decades Chinese-Christians have been subject to discrimination and harassment in Indonesia,[15] but the evidence does not compel a determination that their problems had qualitatively changed during the years following Zacharia's initial hearing. Moreover, while Zacharia points to two more specific incidents during that time,[16] those do not compel a determination that the BIA erred in deciding that a prima facie case had not been spelled out. In other

---

[12]*Najmabadi v. Holder*, 597 F.3d 983, 987 (9th Cir. 2010); *see also Malty v. Ashcroft*, 381 F.3d 942, 946 (9th Cir. 2004).

[13]*See Young Sun Shin*, 547 F.3d at 1025.

[14]*See* U.S. Dep't of State, Bureau of Democracy, H.R. and Lab., International Religious Freedom Report 2009: Indonesia (Oct. 26, 2009); U.S. Dep't of State, Bureau of Democracy, H.R. and Lab., Indonesia: Country Reports on Human Rights Practices–2000 (Feb. 23, 2001); U.S. Dep't of State, Bureau of Democracy, H.R. and Lab., Country Reports on Human Rights Practices: Indonesia (Feb. 25, 2000).

[15]*See Sael v. Ashcroft*, 386 F.3d 922, 925–27 (9th Cir. 2004); *see also Chandra v. Holder*, 751 F.3d 1034, 1036–37 (9th Cir. 2014).

[16]Those were: unpleasantness at the Indonesian Consulate and a sexual attack on his sister.

5

words, the evidence does not compel a determination that conditions had qualitatively changed in the country in general, or as applied to himself in particular. The BIA did not abuse its discretion when it denied the first motion to reopen to the extent that it was based upon changed country conditions.[17]

Zacharia's second motion to reopen did not materially differ from his first motion to reopen; the BIA did not abuse its discretion when it denied the second motion also.[18]

Petition DENIED.

---

[17]Zacharia asserts that the BIA decision did not sufficiently show that it had carefully considered the record or said enough to assure us that it had done so. *See Najmabadi*, 597 F.3d at 990; *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). Our review of the BIA's order indicates that it did give sufficient consideration to his claims. *See Najmabadi*, 597 F.3d at 990.

[18]*See supra* n. 17.

6

***Zacharia v. Lynch***, **Case Nos. 10-72739 and 11-72207**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.