NOT FOR PUBLICATION



FILED

APR 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IRMA MIRTALA RODAS LOPEZ, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | Nos. 11-70271 <br> 12-70951 <br><br> Agency No. A072-116-075 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 20, 2017
San Francisco, California

Before: THOMAS, Chief Judge, MURGUIA, Circuit Judge, and BAYLSON,**
District Judge.

In 1992, Irma Mirtala Rodas Lopez and her husband fled guerrilla forces in

Guatemala and arrived in the United States seeking asylum. Lopez separated from

her husband in 1993 because he had been abusive throughout the entire marriage.

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable Michael M. Baylson, United States District Judge for the
Eastern District of Pennsylvania, sitting by designation.

Lopez then filed a separate asylum claim, alleging fear of the guerrilla forces, after she left her husband. In 2002, an Immigration Judge denied Lopez's asylum claim, and both the Board of Immigration Appeals ("BIA") and this court affirmed. *See Rodas Lopez v. Ashcroft*, 120 F. App'x 156 (9th Cir. 2005).

In 2009, Lopez experienced a sudden change in her personal circumstances when she learned that her ex-husband had returned to their native country of Guatemala. She also received reports from family members in Guatemala that her ex-husband was actively looking for and threatening her. Lopez then filed a motion to reopen her removal proceedings based on changed country conditions, namely the return of her abusive ex-husband to Guatemala.

In 2010, the BIA denied Lopez's motion because, among other things, Lopez had submitted a seemingly speculative declaration and an unsworn affidavit from her daughter. Lopez corrected these deficiencies and filed a new motion supplemented with a more thorough declaration, four sworn affidavits from family members in Guatemala, and reports documenting the inadequate protection from domestic abuse in Guatemala. In 2012, the BIA denied Lopez's second motion to reopen and held that: (1) Lopez failed to present previously unavailable evidence, and (2) Lopez failed to establish a prima facie case of eligibility for asylum because she did not show an objective fear of future harm if returned to Guatemala.

2

We review the BIA's denial of a motion to reopen for abuse of discretion, *Valeriano v. Gonzales*, 474 F.3d 669, 672 (9th Cir. 2007), and we grant the petition for review and remand.

An alien generally may file only one motion to reopen removal proceedings, and such motion must be filed no later than ninety days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(A), (C)(i). The time and number limits may be excused for asylum applications if the petitioner can show: (1) previously unavailable evidence of changed country conditions, and (2) a prima facie case of eligibility for asylum. *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008).

**1.** A petitioner filing a motion to reopen must establish changed country conditions showing that "circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution." *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004). This court has held that "if there is sufficient evidence of changed conditions in the receiving country, there is nothing in the plain language of the regulation that prevents a petitioner from referring *to his personal circumstances* to establish the materiality of that evidence." *Chandra v. Holder*, 751 F.3d 1034, 1037 (9th Cir. 2014) (emphasis added).

3

Lopez pointed to a change in her personal circumstances—the return of her abusive ex-husband to Guatemala in 2009—to establish a change in country conditions. The BIA erred in concluding that this evidence was previously available at Lopez's 2002 hearing because her ex-husband had not yet returned to Guatemala at that point. Therefore, Lopez has presented material, previously unavailable evidence of changed country conditions. *See Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016) ("[T]he changed country conditions exception is concerned with two points in time: the circumstances of the country at the time of the petitioner's previous hearing, and those at the time of the motion to reopen.").

2.    A petitioner filing a motion to reopen must also establish a prima facie case of eligibility for asylum. *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228 (9th Cir. 2016). To demonstrate prima facie asylum eligibility, Lopez must present evidence showing a well-founded fear of persecution in Guatemala. 8 U.S.C. § 1101(a)(42). At this stage, Lopez's "showing need not be conclusive but need suggest only that it would be 'worthwhile' to reopen proceedings." *Albillo-De Leon v. Gonzales*, 410 F.3d 1090, 1094 (9th Cir. 2005).

Lopez presented evidence, in the form of her declaration and sworn affidavits from family members, indicating that her ex-husband stopped abusing her in the United States because he feared law enforcement. She also introduced

4

evidence that her ex-husband is actively threatening her in Guatemala and that Guatemala does not have adequate protection from domestic abuse. Despite this evidence, the BIA held that Lopez does not have an objective fear of future harm because her ex-husband has not abused her since 1993 when she separated from him. In so holding, the BIA failed to consider evidence indicating that the primary reason Lopez's husband stopped abusing her was because he feared law enforcement in the United States, not because Lopez separated from him. This failure to consider all the evidence presented constitutes an abuse of discretion. *Mohammed v. Gonzales*, 400 F.3d 785, 792 (9th Cir. 2005).

**PETITION GRANTED and REMANDED**.