**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GREGORIO GARCIA-MORALES,

Petitioner,

v.

ROBERT M. WILKINSON, Acting
Attorney General,

Respondent.

No.    19-72751

Agency No. A087-913-396

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2021[**]
San Francisco, California

Before:  BERZON, CHRISTEN, and BADE, Circuit Judges.
Concurrence by Judge CHRISTEN

Petitioner Gregorio Garcia-Morales, a native and citizen of Mexico, appeals

the BIA's order denying his applications for withholding of removal and relief

under the Convention Against Torture (CAT).  Petitioner also challenges the BIA's

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

decision to deny his motion to remand. The motion requested further consideration of his application for cancellation of removal in light of changed circumstances and the Immigration Judge's (IJ) decision to deny Petitioner's motion for a continuance pending the adjudication of his application for a non-immigrant U visa. We deny the petition.

We review for substantial evidence the factual findings supporting the BIA's determination that a petitioner is not eligible for withholding of removal or CAT relief, *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017), and review de novo its determinations on questions of law, *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012). The BIA's order denying remand is reviewed for abuse of discretion, *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003), as is the IJ's order denying petitioner's motion for a continuance, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008).

1. The BIA did not err by denying petitioner's application for withholding of removal. Petitioner must show a "clear probability" of persecution; that is, he must show it is more likely than not he will be persecuted on account of a protected ground if he is removed. *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2015) (quoting *Alvarez-Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003)). This is a more exacting standard than the "well-founded fear," 8 U.S.C. § 1101(a)(42)(A),

of persecution necessary to support an asylum claim.  *See Davila v. Barr*, 968 F.3d 1136, 1142 (9th Cir. 2020).

The IJ found petitioner did not suffer past persecution on account of his membership in the proposed social group "a person threatened by a criminal who [Petitioner] testified against in court."  Petitioner argues that he was stabbed by his brother in 2001, that he testified against his brother, and that his brother was then jailed and deported.  Petitioner fears retribution at the hands of his brother if he is returned to Mexico.  This claim fails because petitioner could not have been stabbed by his brother in 2001 *on account of* his testimony in his brother's criminal proceedings: those proceedings did not occur until after petitioner was stabbed.  Further, the record includes evidence that the 2001 stabbing was the result of a personal dispute and not on account of any protected ground.  Thus, petitioner failed to establish past persecution on account of a protected ground and was not entitled to the presumption of future persecution.

The BIA's finding that Petitioner could safely and reasonably avoid future persecution by relocating within Mexico was supported by substantial evidence.  *See Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010) ("[A] perceived fear of future persecution may be rebutted if the petitioner could relocate elsewhere in his or her native country, and it would be reasonable to expect the petitioner to do

so."). Petitioner's brother lives with their parents in Guerrero, Mexico. Petitioner testified that, if removed, he would not return to Guerrero. The record does not compel the finding that petitioner's brother, a lone individual, is capable of finding petitioner if he does not disclose his location to his family.

2. To be eligible for withholding of removal under CAT, petitioner must show it is "more likely than not that he . . . would be tortured if removed" to Mexico. 8 C.F.R. § 208.16(c)(2). Torture is any act that intentionally inflicts "severe pain or suffering" on a person for the purposes of obtaining information or a confession, punishment, intimidation, coercion, or discrimination. *Id.* § 208.18(a)(1). Torture must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id*.

The record does not compel a finding that the Mexican government would acquiesce to petitioner being tortured. Petitioner does not contest that police in Mexico searched for his brother after he stabbed another victim in 2010. The fruitless investigation by Mexican police officers does not compel a finding on acquiescence. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) ("Evidence that the police were aware of a particular crime, but failed to bring the

perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime.").

3. The BIA did not abuse its discretion by denying petitioner's motion to remand for further consideration. "The formal requirements of a motion to remand and a motion to reopen are the same." *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1063 (9th Cir. 2008). Thus, in order to prevail on his motion to remand: (1) petitioner must "state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material"; (2) the new evidence must be "material"; (3) the evidence must not have been available and would not have been discovered or presented at the previous proceeding; and (4) petitioner must "demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought." *Bhasin v. Gonzales*, 423 F.3d 977, 984 (9th Cir. 2005); *see also INS v. Abudu*, 485 U.S. 94, 97–98 (1988).

When the BIA denied petitioner's motion for remand, it considered the new evidence that petitioner's wife became a lawful permanent resident after his application for withholding was denied. Viewing this evidence in the aggregate with what was known about the hardship petitioner's daughter would experience if petitioner was removed, the BIA concluded that petitioner failed to make a prima

5

facie showing of exceptional and extremely unusual hardship. "The 'exceptional and extremely unusual hardship' standard is a very demanding one." *Garcia v. Holder*, 621 F.3d 906, 913 (9th Cir. 2010). Because the BIA applied the correct legal standard and considered all the appropriate evidence in the record, we conclude its decision to deny petitioner's motion to remand was not "arbitrary, irrational, or contrary to law." *See Valeriano v. Gonzales*, 474 F.3d 669, 672 (9th Cir. 2007).

4. The BIA did not abuse its discretion by affirming the IJ's decision to deny petitioner's motion for a continuance. In *Matter of L-A-B-R-*, 27 I. & N. Dec. 405 (2018), the Attorney General set forth several factors IJs should consider when deciding whether to grant continuances to allow petitioners to pursue collateral relief from another authority, including: (1) the likelihood that the alien will receive the collateral relief; (2) whether the relief will materially affect the outcome of the removal proceedings; (3) whether the alien has exercised reasonable diligence in pursuing that relief; (4) DHS's position on the motion; (5) the length of the requested continuance; and (6) the procedural history of the case. *Id.* at 413. The IJ must focus primarily on the first two factors. *Id.*

The BIA considered the factors set forth in *Matter of L-A-B-R-* and ruled petitioner had not established "good cause" for a continuance. The removal

proceedings had been pending for over six years, the basis for petitioner's U visa

arose in 2001 but he had yet to apply for a U visa by the time of his removal

proceedings in 2016, and the government opposed the continuance.  On this record,

we conclude petitioner failed to establish the BIA abused its discretion by denying

the requested continuance.


**PETITION DENIED**

*Garcia-Morales v. Wilkinson*, No. 19-72751
CHRISTEN, Circuit Judge, concurring

I agree petitioner cannot prevail on his claim that the BIA erred by denying his motion to remand, but I would dismiss that portion of the petition. In my view, we lack jurisdiction to review the BIA's determination because the evidence submitted does not address "a hardship ground so distinct from that considered previously as to make the motion to [remand] a request for new relief." *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006).