NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLMAN ALEXANDER PORTILLO, AKA William Alexander Portillo, <br><br> Petitioner, <br><br> v. <br><br> ROBERT M. WILKINSON, Acting Attorney General, <br><br> Respondent. | No.   19-72444 <br>       20-70250 <br><br> Agency No. A070-958-440 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 1, 2021[**]
Phoenix, Arizona

Before:  HAWKINS, BEA, and BUMATAY, Circuit Judges.

Willman Portillo, a citizen of El Salvador, petitions for review of the Board

of Immigration Appeals' ("BIA") orders denying his motion to reopen his

proceedings and his motion for reconsideration of that order.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review the BIA's denial of motions to reopen and to reconsider for abuse of discretion. *Valeriano v. Gonzales*, 474 F.3d 669, 672 (9th Cir. 2007). We consolidate Portillo's petitions for review and deny them.

1. The BIA did not abuse its discretion in denying Portillo's motion to reopen. "[T]he decision to grant or deny a motion to reopen is 'within the discretion of the [BIA].'" *Siong v. INS*, 376 F.3d 1030, 1038 (9th Cir. 2004) (quoting 8 C.F.R. § 1003.2(a)). The BIA found that Portillo's motion to reopen was procedurally defective. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation."). Portillo failed to submit a Form I-589, the appropriate application for relief he sought. Portillo claims that there was a prior I-589 in the record. But he did not attach that prior form to his motion to reopen, and the form sought asylum on different grounds than he now puts forth. *See Young Sun Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (concluding the BIA did not abuse its discretion by denying motion to reopen when petitioner failed to attach proper form).

The BIA also found that Portillo's motion to reopen was time- and number-barred. This was Portillo's second motion to reopen, and eight years had passed since the entry of a final order of removal in his case. *See* 8 C.F.R. § 1003.2(c)(2) ("[A] party may file only one motion to reopen . . . and that motion must be filed no

2

later than 90 days after the date on which the final administrative decision was rendered.").

Portillo claims that he is not barred by these limitations because he can show "changed circumstances" in his country of nationality. *See Toufighi v. Mukasey*, 538 F.3d 988, 994, 996 (9th Cir. 2008) ("[A] motion to reopen based on changed conditions is focused on 'new facts' showing changed conditions that now establish a prima facie case for asylum.") (quoting 8 C.F.R. § 1003.2(c)(3)(ii)).  In order to meet this burden, "(1) [Portillo] had to produce evidence that conditions had changed in [his home country]; (2) the evidence had to be material; (3) the evidence must not have been available and would not have been discovered or presented at the previous proceeding; and (4) he had to demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought."  *Id.* at 996 (internal quotation marks and citations omitted).  The BIA could "deny the motion to reopen for failing to meet any of these burdens." *Id.*

Portillo claims to have a well-founded fear of gang violence in El Salvador due in part to the deaths of three of his relatives, which he claims were attributable to gang violence.  But the BIA found that Portillo failed to provide any evidence showing the motive for his relatives' deaths.  Fear of gang violence alone does not establish persecution on a protected ground.  *See Zetino v. Holder*, 622 F.3d 1007,

3

1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Portillo thus failed to establish prima facie eligibility for the relief sought, and the BIA's conclusion was not "arbitrary, irrational, or contrary to law." *See Valeriano*, 474 F.3d at 672. Accordingly, the BIA did not abuse its discretion in denying Portillo's motion to reopen.

2. The BIA did not abuse its discretion in denying Portillo's motion to reconsider. Although Portillo provided an application for relief, he still did not provide any evidence showing the motive for his relatives' deaths and he did not allege any error of law or fact in the BIA's decision to deny his motion to reopen. *See* 8 C.F.R. § 1003.2(b). Rather, the BIA found that Portillo's motion to reconsider "reiterate[d] the assertion he already made before the Immigration Judge and the Board." *See Matter of O-S-G-*, 24 I&N Dec. 56, 57 (BIA 2006) ("[A] motion to reconsider is not a process by which a party may submit, in essence, the same brief presented on appeal . . . ."). Accordingly, the BIA did not abuse its discretion in denying Portillo's motion to reconsider.

**DENIED.**