NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 3 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESUS A. SANCHEZ OLIVA,<br><br>          Petitioner,<br><br>    v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>          Respondent. | No.   20-72714<br><br>Agency No.   A209-944-237<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 9, 2021
Pasadena, California

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and LIBURDI,** District Judge.

Jesus Sanchez Oliva, a native and citizen of Honduras, petitions for review of a Board of Immigration Appeals (BIA) order denying his untimely motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review in part and dismiss in part for lack of jurisdiction.

We review the BIA's denial of motions to reopen for abuse of discretion, *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002), and reverse only if the BIA's decision was arbitrary, irrational, or contrary to law. *Valeriano v. Gonzales*, 474 F.3d 669, 672 (9th Cir. 2007). We review the BIA's factual findings for substantial evidence. *Barrios v. Holder*, 581 F.3d 849, 854 (9th Cir. 2009).

A motion to reopen must ordinarily be filed within ninety days after the final administrative order of removal is entered. 8 U.S.C. § 1229a(c)(7)(C)(i). The ninety-day deadline does not apply, however, if the motion to reopen is based on changed country conditions. *Id.* § 1229a(c)(7)(C)(ii); *see also Go v. Holder*, 744 F.3d 604, 607–09 (9th Cir. 2014) (changed country conditions exception also applies to motions to reopen to assert claims under the Convention Against Torture). A

---

** The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

petitioner seeking to reopen based on changed country conditions must show that "'circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim' now does." *Agonafer v. Sessions*, 859 F.3d 1198, 1204 (9th Cir. 2017) (quoting *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004)).

The BIA did not abuse its discretion in denying Sanchez's untimely motion to reopen. In the initial removal proceeding, Sanchez argued only that he was persecuted in Honduras based on his refusal to cooperate with gangs. He did not argue that he was persecuted because he is gay. Therefore, even had Sanchez showed that conditions in Honduras had materially worsened for gay men, he did not show that circumstances had changed relevant to the proceeding he sought to reopen. Even had his status as a gay man been at issue in the initial proceeding, the evidence Sanchez submitted did not illustrate that discrimination against gay men in Honduras had materially worsened since he initially sought relief from removal. *See Agonafer*, 859 F.3d at 1204 ("[N]ewly submitted evidence must be 'qualitatively different' from the evidence presented at the previous hearing." (quoting *Malty*, 381 F.3d at 945)). The evidence instead showed that gay men have long been persecuted in Honduras and that conditions have remained largely unchanged since 2018.

3

Sanchez likewise failed to show that conditions in Honduras have materially changed for individuals resisting gang activity. His submitted evidence either predated his initial removal proceeding, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii), or merely recounted the evidence presented at his initial proceeding, *see Agonafer*, 859 F.3d at 1204. Moreover, Sanchez did not establish that the alleged change in conditions was material to his eligibility for relief. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228 (9th Cir. 2016) (the BIA may deny a motion to reopen for failure to establish prima facie eligibility for the relief sought); *Barrios*, 581 F.3d at 854–55 (young men resisting gang violence is not a particular social group), *abrogated in part on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). Thus, the BIA did not abuse its discretion in denying his untimely motion to reopen.

We lack jurisdiction to review the BIA's decision not to exercise its *sua sponte* authority to reopen proceedings, as the decision was purely discretionary and not based on legal or constitutional error. *Lona v. Barr*, 958 F.3d 1225, 1232–33 (9th Cir. 2020).

**PETITION FOR REVIEW DENIED in part and DISMISSED in part**.