NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 15 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS ORTIZ-GUADALUPE, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 20-73531 <br> Agency No. A205-024-953 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 12, 2022**
San Francisco, California

Before: BYBEE and R. NELSON, Circuit Judges, and RAKOFF,*** District
Judge.

Luis Alberto Ortiz-Guadalupe ("Petitioner"), a native and citizen of Mexico,

petitions for review of a decision of the Board of Immigration Appeals ("BIA")

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

denying his motion to reopen and remand dated November 18, 2020. Petitioner originally sought cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1) on the ground that his deportation to Mexico would cause "exceptional and extremely unusual hardship" to his U.S. citizen spouse and children. The immigration judge ("IJ") denied him that relief and the BIA dismissed his appeal.

Subsequently, Petitioner filed a timely motion to reopen his removal proceedings. Petitioner stated that the purpose of his motion was to reapply for cancellation of removal due to a "newly discovered mental health condition afflicting" his daughter, J.O. The BIA denied the motion, and Petitioner filed the instant petition for review. We deny the petition.

1. The Attorney General argues that we lack jurisdiction to review the BIA's denial of Petitioner's motion to reopen because it implicates a discretionary decision by the agency. Pursuant to 8 U.S.C. § 1252(a)(2)(B), we lack jurisdiction to review the BIA's denial of cancellation of removal under 8 U.S.C. § 1229b(b)(1) when the BIA makes the "subjective, discretionary" determination that an individual failed to establish the "exceptional and extremely unusual hardship" requirement. *Romero-Torres v. Ashcroft*, 327 F.3d 887, 888 (9th Cir. 2003).[1] However, this jurisdictional bar does not apply to a denial of a motion to reopen where the evidence

---

[1] Unless otherwise indicated, in quoting cases all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

submitted to the BIA in connection with the motion "addresses a hardship ground so distinct from that considered previously as to make the motion to reopen a request for new relief, rather than a reconsideration of a prior [discretionary] denial." *Fernandez v. Gonzales*, 439 F.3d 592, 602–03 (9th Cir. 2006). In such cases, we have jurisdiction to review the BIA's decision insofar as it implicates evidence that is "non-cumulative and different in kind from the evidence that [the petitioner] presented during [his or her] hearing." *Garcia v. Holder,* 621 F.3d 906, 911–12 (9th Cir. 2010).

Here, Petitioner sought to reopen his case based, at least in part, on new evidence regarding the mental health of his daughter, J.O. Specifically, this evidence included a psychological report diagnosing J.O. with "Major Depressive Disorder-Recurrent, Moderate," and affidavits from her parents reporting serious concerns regarding her psychological state, including incidents of suicidal ideation. Although Petitioner's initial application for cancellation of removal was based, in part, on the hardship to J.O. and Petitioner's declarations and testimony specifically referenced her emotional struggles, the new evidence relied upon by Petitioner is meaningfully "different in kind" insofar as it suggests that subsequent to the IJ's initial denial of relief, J.O. developed a medical condition that is distinct from the feelings of sadness or hopelessness that might typically be associated with, for example, the loss of a loved one. And according to the psychological report, J.O. is at risk of developing

other psychiatric problems if she is separated from her father. The mitigation of such a serious risk is meaningfully distinct from the grounds for relief raised in Petitioner's hearing. Therefore, we have jurisdiction to review the BIA's denial of Petitioner's motion to reopen insofar as it concerns that non-cumulative basis.

2. The BIA did not err in denying Petitioner's motion. We review the BIA's denial of a motion to reopen for abuse of discretion. *Valeriano v. Gonzales*, 474 F.3d 669, 672 (9th Cir. 2007). "We reverse the denial of a motion to reopen only if it is 'arbitrary, irrational, or contrary to law.'" *Id.* (quoting *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002)).

The BIA concluded that Petitioner failed to make a prima facie showing of an exceptional and extremely unusual hardship to J.O. "The exceptional and extremely unusual hardship standard is a very demanding one." *Garcia*, 621 F.3d at 913. The petitioner must demonstrate that "the hardship . . . [is] 'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country." *In Re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (BIA 2001). In its reasoned decision, the BIA considered the new evidence, explicitly discussing the two affidavits and the psychological evaluation, but found that the concerns raised did not meet the "heavy burden" to warrant reopening because, even after Petitioner's removal, J.O. "would be able undergo counseling in the

4

United States," thus receiving the very treatment that was recommended in the psychological report relied on by Petitioner.

Petitioner argues that in reaching this conclusion, the BIA overlooked the psychologist's conclusion that J.O.'s separation from Petitioner would cause her to develop further psychiatric issues. However, while the BIA did not explicitly recite this evidence, it is clear from the BIA's discussion of the psychological evaluation and its acknowledgment "that the hardships resulting from removal are real," that it considered the potential psychological impact to J.O. but nevertheless determined that the standard for reopening was not met. Moreover, as already noted, the BIA appropriately grounded this determination in the evidence, including its conclusion that J.O. would be able to receive the treatment recommended by the psychological report. Accordingly, the BIA's decision was not arbitrary, irrational, or contrary to law.

**PETITION DENIED.**