**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| DANIELLE ACYOLE CAMPOS, et al., | No. 24-468 |
| Petitioners, | Agency Nos. A220-642-240 A220-642-241 |
| v. | |
| PAMELA J. BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2024**
San Francisco, California

Before: M. SMITH and BUMATAY, Circuit Judges, and WU, District Judge***

Danielle Acyole Campos and her minor son ("Petitioners"), natives and

citizens of Brazil, petition for review of a Board of Immigration Appeals ("BIA")

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

1

decision affirming the order of an Immigration Judge denying an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1]  They also seek review of the BIA's denial of their motion to remand to the Immigration Judge.  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review administrative findings of fact for substantial evidence.  *See Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016).  That means we uphold factual findings by the agency "unless any reasonable adjudicator would be compelled to conclude to the contrary."  *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)).

1.  A motion to remand before the BIA is subject to the same substantive requirements as a motion to reopen.  *See Matter of Coelho*, 20 I. & N. Dec. 464, 471 (BIA 1992).  We review the denial of a motion to reopen for abuse of discretion.  *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005).  We therefore leave the agency's decision in place unless it is "arbitrary, irrational, or contrary to law." *Valeriano v. Gonzalez*, 474 F.3d 669, 672 (9th Cir. 2007) (quoting *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002)).  As part of our review, we presume that the BIA reviewed the entire record.  *Hernandez v. Garland*, 52 F.4th 757, 770–71 (9th Cir.

---

[1] Acyole Campos filed one Form I-589, Application for Asylum and for Withholding of Removal, on behalf of herself with her child as a derivative.  *See* 8 U.S.C. § 1158(b)(3)(A).  Therefore, her child is not eligible for statutory withholding of removal.  *See Sumolang v. Holder*, 723 F.3d 1080, 1083 (9th Cir. 2013).

2022). Further, the BIA need only "announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Id.* at 768 (quoting *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010)). Finally, we must confine our review to the documents contained in the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A).

As the BIA correctly noted, an applicant must make a prima facie showing of eligibility for relief to succeed on a motion to reopen. *See Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1179 (9th Cir. 2023). The BIA noted that the United States Citizenship and Immigration Services had not yet issued a decision approving the I-130, Petition for Alien Relative, which Acyole Campos's husband filed on her behalf, and that it was speculative whether the visa petition would be approved. It also observed that DHS had not joined in the motion to remand. We cannot say that this reasoning is "arbitrary, irrational, or contrary to law." *See Valeriano*, 474 F.3d at 672 (quoting *Singh*, 295 F.3d at 1039). So we deny the petition regarding the motion to remand.

2. A petitioner seeking asylum must prove that she has suffered past persecution or has a well-founded fear of future persecution. *See* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(A) & (B)(i); 8 C.F.R. § 1208.13(b). The petitioner must also show that the persecution was or would be "committed by the government, or by forces that the government was [or would be] unable or unwilling to control."

*Rodriguez-Tornes v. Garland*, 993 F.3d 743, 750–51 (9th Cir. 2021). Similarly, statutory withholding of removal requires a showing of persecution "inflicted either by the government or by persons or organizations which the government is unable or unwilling to control." *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1056 (9th Cir. 2006) (quoting *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997)). An asylum applicant "may meet her burden with evidence that the government was unable or unwilling to control the persecution in the applicant's home city or area." *Meza Diaz v. Garland*, 118 F.4th 1180, 1191 (9th Cir. 2024) (quoting *Mashiri v. Ashcroft*, 383 F.3d 1112, 1122 (9th Cir. 2004)).

The record does not compel the conclusion that the Brazilian government was or would be unwilling or unable to control violence against Acyole Campos by her ex-boyfriend. The agency properly noted that when Acyole Campos went to the Brazilian police after being physically assaulted by her ex-boyfriend during a trip to Paraguay, the police were responsive to her complaint. Officers documented her account of the incident, conducted a forensic medical examination, photographed her injuries, and requested protective measures on her behalf. And although Acyole Campos points to country-condition evidence that some women have been killed by their abusers even after making reports to the police, other evidence shows that the Brazilian government has made great strides in combatting violence against women. That evidence includes laws criminalizing violence against women, laws requiring

4

reporting of violence against women, and special police stations and other resources established for the benefit of female victims of violence. Substantial evidence therefore supports the agency's finding that the Brazilian government is not unwilling or unable to protect Acyole Campos from her ex-boyfriend. "And because withholding of removal also turns on this factor, substantial evidence likewise supports the agency's denial of that claim." *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020).[2]

3. Finally, Acyole Campos did not raise her CAT claim on appeal to the BIA or in her opening brief before this court. The claim is thus unexhausted and waived here. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (holding that unexhausted argument is not properly before the court of appeals for review); *Nguyen v. Barr*, 983 F.3d 1099, 1102 (9th Cir. 2020) (holding that issues not raised in petitioner's opening brief are waived).

**PETITION DENIED.**

---

[2] Because the lack of government acquiescence is dispositive of Acyole Campos's asylum claim, we do not reach her challenge to the agency's determination that it was safe for her to relocate within Brazil.